UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND BROWN TAYLOR, SR.,

Plaintiff,

v.

CASE NO. 05-CV-74696-DT
HONORABLE VICTORIA A. ROBERTS
MAGISTRATE JUDGE STEVEN D. PEPE

JANICE E. YATES,

Defendant.
_______________________________________/

**ORDER OF DISMISSAL**

**I. Introduction**

This matter is pending before the Court on Plaintiff's *pro se* complaint and Petition for the Chief Judge to Order United States District Judge Paul D. Borman to appoint a special master. Plaintiff is a state prisoner at the Huron Valley Men's Complex in Ypsilanti, Michigan. He labeled his complaint a "diversity case," but he used the form reserved in this District for prisoner civil rights complaints. The named defendant is Janice E. Yates, Chief Deputy Clerk of the United States Court of Appeals for the Sixth Circuit in Cincinnati, Ohio.

The complaint alleges that Everlyn Broadus threatened to make defendant Yates falsify court orders in order to stop Plaintiff from obtaining relief in the Court of Appeals. The complaint further alleges that Broadus threatened to use her power and influence, as well as, libel, slander and defamation to persuade judges, clerks, lawyers, and prison officials to confiscate, alter, and destroy Plaintiff's legal documents.

Plaintiff seeks $500,000,000.00 in damages. He also seeks injunctive relief in the form of an order compelling defendant Yates to (1) forward the names of the judges who will be

ruling on case number 05-2478, (2) compel the judges to sign all orders from that court, and (3) direct the United States District Court to stop falsifying court orders. Plaintiff also wants the Court to stop the alleged confiscation and destruction of his legal mail.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although Plaintiff purports to bring his complaint as a diversity action, he alleges violations of his constitutional right to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution. The Court therefore construes the complaint as a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). To successfully establish a *prima facie* case under *Bivens*, a civil rights plaintiff must prove that the defendant acted under color of law and deprived the plaintiff of rights secured by federal law. *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

Plaintiff's complaint is frivolous because it does not allege any wrongdoing on the part of Janice Yates. The statement of facts complains about Everlyn Broadus, not Yates, who is the named defendant. The lack of any specific allegations about Yates is fatal to Plaintiff's cause of

action, for "[i]t is well settled that a pleading fails to state a claim under § 1983 if the allegations are merely conclusory and lack factual specificity." *Davis v. Michigan Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990) (Zatkoff, J.) (citing *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971)); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (stating that "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original). Moreover, neither Yates, nor this Court, possesses authority to direct another court how to handle its orders.

The Court could construe the complaint to list Evelyn Broadus as a defendant. Plaintiff refers to her as "defendant Broadus" in his statement of facts, although he did not list Broadus as a defendant on the face of his complaint or on a separate sheet of paper per instructions on the form complaint. Even assuming that Plaintiff intended to sue Broadus, he has not alleged Broadus's position, her current address, or even whether she acted under color of law. Furthermore, Broadus's alleged threats do not state a cognizable claim under *Bivens*, *see Banks v. Klapish*, 717 F. Supp. 520, 522 (W.D. Mich. 1989), and defamation, standing alone, does not state a claim for relief under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 694 (1976). Verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir.) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)), *cert. denied*, 543 U.S. 837 (2004).

## III. Conclusion

Plaintiff's complaint is frivolous and fails to state a claim for which relief may be granted. Accordingly, the complaint [Doc. #1, Dec. 12, 2005] is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order also would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Plaintiff's Petition for Appointment of a Special Master [Doc. #4, Feb. 2, 2006] is DENIED, because it has no relevance to this case. It pertains to Judge Borman's dismissal of another one of Plaintiff's cases.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 8, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on February 8, 2006.

s/Carol A. Pinegar
Deputy Clerk